IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

*FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
06 DEC 22 PM 2:06
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK*

| | |
|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES, | ) ) ) |
| Plaintiff | ) CIVIL ACTION |
| v. | ) NO. ) ) ) **1:06-cv-1816-JDT-TAB** |
| INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, MITCH ROOB, in his official capacity as Secretary of the Family and Social Services Administration; CATHY BOGGS, in her official capacity as Director of the Division of Mental Health and Addiction; LISA K. KELLUM, in her official capacity as Superintendent of Larue Memorial Hospital, | ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

NOW COMES, the Plaintiff, by counsel, and for its complaint against

Defendants, states and alleges follows:

1. This action seeks injunctive and declaratory relief pursuant to 42 U.S.C.A, § 10807 to

prevent Mitch Roob ("Roob"), in his official capacity as Secretary of the Family and

Social Services Administration; Cathy Boggs ("Boggs"), in her official capacity as

Director of the Division of Mental Health and Addiction; and Lisa K. Kellum

("Kellum"), in her official capacity as Superintendent of Larue Carter Memorial Hospital,

from restricting full, complete, and meaningful access by Indiana Protection and

Advocacy Services to the records of individuals with mental illness from Larue Carter

Memorial Hospital. Such access is mandated by the Protection and Advocacy for

Mentally Ill Individuals Act ("PAIMI Act"), 42 U.S.C. §10801, et seq., and other applicable federal and state laws.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1367 and 2201, because Plaintiff is seeking redress of the deprivation, under State and Federal law, statute, ordinance or usage, of its statutory rights, privileges and immunities secured by Acts of Congress.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §§1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff, Indiana Protection & Advocacy Services ("IPAS"), is an independent state agency, mandated by Congress through 42 U.S.C. 10801 and empowered by the legislature of the State of Indiana in Ind. Code § IC 12-28-1-12 to provide protection and advocacy services to individuals with mental illness. As part of its mandate, IPAS is authorized to investigate incidents of abuse, neglect and civil rights violations of persons with mental illness within the State of Indiana.

5. Defendant Roob is being sued in his official capacity as an employee of the Family and Social Services Administration ("FSSA"). Defendant Boggs is being sued in her official capacity as an employee of the Division of Mental Health and Addiction ("DMA"), a division under FSSA. Defendant Kellum is being sued in her official capacity as an employee of Larue Carter Memorial Hospital ("Larue"), which is administered by DMA.

6. At all relevant times hereto, Defendants have operated as representatives of a public entity and within the scope of their public employment.

## STATEMENT OF FACTS

7. 42 USC 10801 establishes protection and advocacy systems, stating:
The purposes of this chapter are -

> (1) to ensure that the rights of individuals with mental illness are protected; and
>
> (2) to assist States to establish and operate a protection and advocacy system for individuals with mental illness which will –
>
> (A) protect and advocate the rights of such individuals through activities to ensure the enforcement of the Constitution and Federal and State statutes; and
> (B) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred.

In pertinent part, "individual with mental illness" is defined in §10802 as an "individual . . . who is an inpatient or resident in a facility rendering care or treatment." And a "facility" may include but is not limited to "hospitals, nursing homes, community facilities for individuals with mental illness, board and care homes, homeless shelters, and jails and prisons."

8. IPAS qualifies as a "system" as defined by the PAIMI Act, 42 USC §10802 and its authority under the PAIMI Act extends to Larue which is a "facility" as defined by the PAIMI Act, 42 U.S.C. §10802.

9. IPAS has been given authority to access all records of the Client under the PAIMI Act, specifically 42 U.S.C. §10805(a)(1)(A), which gives IPAS the authority to investigate "incidents of abuse and neglect . . . if there is probable cause to believe that the incidents occurred" and §10805(a)(4)(A), which requires that IPAS be given access

3

to "<u>all records</u> of any individual who is a client of the system if such individual . . . has authorized the system to have such access. . .".

10. Further, IPAS has been given authority to access a patient's records without their consent pursuant to Indiana Code 16-39-2-6.

11. In order to ensure that the protection and advocacy system can fulfill its function, IPAS has broad rights of access to Larue, to individuals held at Larue and to the records of those individuals for the purpose of monitoring conditions, investigating complaints of abuse or neglect and providing protection and advocacy services to individuals with mental illness. Probable cause is required and, although not defined in the PAIMI Act, the implementing regulations define this as:

> the reasonable grounds for belief that an individual with mental illness has been, or may be at significant risk of being subject to abuse or neglect. [stating further that ] [t]he individual making such determination may base the decision on reasonable inferences drawn from his or her experience or training regarding similar incidents, conditions or problems that are usually associated with abuse or neglect.
> 42 C.F.R. 51.2.

12. Federal law requires that IPAS be given prompt access to the records, specifying that "[a]ccess to facilities, records or residents shall not be delayed or denied without the prompt provision of written statements of the reasons for the denial. " 42 C.F.R. §51.43.

## COUNT 1

13. On or about July 31, 2006, an IPAS staff Peggy Owens ("Owens") received a report that J.Y.G ("Client 1"), a patient of Larue Carter Memorial Hospital with the Larue Carter Patient Case #: 17455, died on July 31, 2006 after being transferred to Wishard Hospital on or about June 27, 2006.

4

14. Based on the information received, IPAS staff concluded that probable cause existed that the Client held at Larue had been subject to abuse and/or neglect as defined by both federal and state law.

15. On or about August 30, 2006, Owens requested a copy of Client 1's complete chart held at Larue. This request was made by a letter to Jay Wenning, Director of Health Information Services at Larue. The letter stated that if IPAS did not receive a copy of the chart or there was no response by September 11, 2006, IPAS would assume that Larue did not intend to comply with the request.

16. On or about September 1, 2006, IPAS was notified through an e-mail sent by Kathy Gregory, Deputy Chief Counsel of DMA that IPAS would not be given copies of the records of the Client.

## COUNT 2

17. On or about September 13, 2006, Owens sent a second letter to Jay Wenning requesting a copy of the Mortality Review Committee report and Root Cause Analysis report that resulted from death of Client 1. This letter stated that if IPAS did not receive the copies of the reports or there was no response by September 19, 2006, IPAS would assume that Larue did not intend to comply with the letter.

18. On or about September 14, 2006, IPAS was notified through an e-mail sent by Kathy Gregory, Deputy Chief Counsel of DMA that IPAS would not be given copies of the requested reports concerning Client 1's death.

## COUNT 3

19. On or about September 5, 2006, Owens began an investigation into the complaint of abuse and neglect by J.F. ("Client 2"), a patient of Larue Carter Memorial Hospital with

5

the Larue Carter Patient Case #: 17127. Based on the information received, IPAS staff concluded that probable cause existed that the Client held at Larue had been subject to abuse and/or neglect as defined by both federal and state law.

20. On or about October 13, 2006, Owens requested by e-mail to Eric Heeter, Adult Services Division Director at Larue, a copy of the investigation and an incident report concerning the incidents in question and Client 2's grievance that arose out of those incidents. Owens asked to be notified via e-mail by end of business day October 17, 2006.

21. On or about October 18, 2006, Mr. Heeter replied to Owens by e-mail explaining the sequence of events and Larue's response. He did not produce the requested incident report. Also on or about October 18, 2006, Owens received an e-mail from Kellum stating that it was not appropriate to ask for a copy of the Incident Reports.

22. Defendants, acting directly or though their agents, have violated Plaintiff's rights and the rights of individuals held at Larue by:

   a. Denying Plaintiff access to or copies of all records of the Client where IPAS staff have probable cause to believe that abuse, neglect, or injury has occurred or is occurring; and

   b. Denying Plaintiff access to Defendant's records, reports, and investigations of abuse, neglect or injury and the information used to generate that report, complete with personally identifiable information of individuals with disabilities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant has violated the Plaintiff's right to access the records of the Clients, held at Larue, in violation of the PAIMI Act.

2. Permanently enjoin Defendant from failing to provide IPAS reasonable access to records as defined in 42 U.S.C. §10806(b)(3)(A) as "reports prepared by any staff of a facility rendering care and treatment or reports prepared by an agency charged with investigating reports or incidents of abuse neglect, and injury occurring at such facility that describe incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents of abuse, neglect, and injury occurring at such facility";

3. Grant such other relief as this Court may deem just an appropriate.

Respectfully submitted this __22nd__ day of December, 2006.

I affirm, under the penalties for perjury, that the foregoing representations are true.

_____
Milo G. Gray, Jr.
Attorney No.: 7268-49

_____
Debra J. Dial
Attorney No.: 19779-49

_____
Gary W. Ricks
Attorney No.: 18246-49

_____
Loretta Oleksy
Attorney No.: 21764-49

Attorneys for Plaintiff
Indiana Protection and Advocacy Services
4701 North Keystone Avenue
Suite 222
Indianapolis, Indiana 46205
(317) 722-5555

7