IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA PROTECTION<br>AND ADVOCACY SERVICES, | ) <br> ) <br> ) | |
| Plaintiff | ) | CIVIL ACTION |
| v. | ) | NO. 1:06-cv-1816-JDT-TAB |
| | ) <br> ) <br> ) | |
| INDIANA FAMILY AND SOCIAL<br>SERVICES ADMINISTRATION,<br>MITCH ROOB, in his official capacity as<br>Secretary of the Family and Social Services<br>Administration; CATHY BOGGS, in her official<br>capacity as Director of the Division of Mental<br>Health and Addiction; LISA K. KELLUM, in her<br>official capacity as Superintendent of Larue<br>Memorial Hospital, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants | ) <br> ) <br> ) | |

**REDACTED APPENDIX TO
BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS FOR**
**APPENDIX TO BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT**

|  | page |
|---|---|
| Stipulations | 1-3 |
| Affidavit from Peggy A. Owens | 4-6 |
| Attachment A | 7, 8 |
| Attachment B | 9, 10 |
| Attachment C | 11 |
| Attachment D | 12 |
| Attachment E | 13, 14 |
| Attachment F | 15-17 |
| Affidavit from David O. Boes | 18, 19 |
| Attachment to Affidavit from David O. Boes | 20-50 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA PROTECTION<br>AND ADVOCACY SERVICES, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION |
| v. | ) | NO. 1:06-cv-1816-JDT-TAB |
| | ) | |
| | ) | |
| INDIANA FAMILY AND SOCIAL | ) | |
| SERVICES ADMINISTRATION, | ) | |
| MITCH ROOB, in his official capacity as | ) | |
| Secretary of the Family and Social Services | ) | |
| Administration; CATHY BOGGS, in her official | ) | |
| capacity as Director of the Division of Mental | ) | |
| Health and Addiction; LISA K. KELLUM, in her | ) | |
| official capacity as Superintendent of Larue | ) | |
| Memorial Hospital, | ) | |
| | ) | |
| Defendants | ) | |

## STIPULATIONS

Counsel for the Parties stipulate to the following facts for all purposes in the above entitled action.

1. J.Y.G ("Client 1"), who has the LaRue Carter Patient Case #: 17455, was admitted to Larue Carter Hospital on June 21, 2006.

2. Client 1 was admitted to Wishard Memorial Hospital from LaRue Carter Hospital on June 27, 2006.

3. Client 1 died on July 31, 2006 at Wishard Hospital.

4. A Mortality Review committee at LaRue Carter Hospital met on August 11, 2006 and its report was transcribed on August 28, 2006.

001

5.  On or about August 30, 2006, Peggy Owens ("Owens"), Advocate at Indiana Protection and Advocacy Services, requested a copy of Client 1's complete chart held at Larue.  This request was made by a letter to Jay Wenning, Director of Health Information Services at LaRue Carter Hospital.  The letter stated that if IPAS did not receive a copy of the chart or there was no response by September 11, 2006, IPAS would assume that Larue did not intend to comply with the request.

6.  On or about September 1, 2006, IPAS was notified through an e-mail sent by Kathy Gregory, Deputy Chief Counsel of DMA that Client 1 had parents who had been active in her case and had not signed a release of her medical record as next of kin.  There is no record that prior to her death, Client 1 had a court appointed guardian, power of attorney, or health care representative.

7.  On or about September 13, 2006, Owens sent a second letter to Jay Wenning requesting a copy of the Mortality Review Committee report and Root Cause Analysis report that resulted from death of Client 1.  This letter stated that if IPAS did not receive the copies of the reports or there was no response by September 19, 2006, IPAS would assume that Larue did not intend to comply with the letter.

8.  On or about September 14, 2006, IPAS was notified by e-mail from Kathy Gregory that IPAS would not be given copies of the requested reports concerning Client 1's death.

9.  J.F. ("Client 2"), who has the Larue Carter Patient Case #: 17127, was initially admitted to Larue Carter Hospital in November 2003.  He was residing on Unit 3A in November of 2006.  He continues to be a resident of Larue Carter Hospital.

10.  On or about October 13, 2006, Owens requested by e-mail to Eric Heeter, Adult Services Division Director at Larue, a copy of the investigation and an incident report

concerning the incidents in question and Client 2's grievance that arose out of those incidents. Owens asked to be notified via e-mail by end of business day October 17, 2006.

11. On or about October 18, 2006, Mr. Heeter replied to Owens by e-mail explaining the sequence of events and Larue's response. He did not produce the requested incident report. Also on or about October 18, 2006, Owens received an e-mail from Kellum stating that it was not appropriate to ask for a copy of the Incident Reports.

Respectfully Submitted:

/s/ Debra J. Dial
Debra J. Dial
Indiana Protection and Advocacy Services
4701 North Keystone Avenue
Suite 222
Indianapolis, Indiana  46205
(317) 722-5555 Ext. 230

/s/ Michael T.Schaefer
Michael T. Schaefer
Office of Michael T. Schaefer
350 E. 60th Street
P.O. Box 20684
Indianapolis, Indiana  46204
(317) 255-6580

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES, | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION |
| v. | ) ) ) | NO. 1:06-cv-1816-JDT-TAB |
| | ) | |
| INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, MITCH ROOB, in his official capacity as Secretary of the Family and Social Services Administration; CATHY BOGGS, in her official capacity as Director of the Division of Mental Health and Addiction; LISA K. KELLUM, in her official capacity as Superintendent of Larue Memorial Hospital, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

## AFFIDAVIT

Comes now, Peggy Ann Owens, under the penalties for perjury, attests as follows:

1.      I am an Advocacy Specialist with Indiana Protection and Advocacy Services ("IPAS"). I am over eighteen (18) years of age and I am competent to make this affidavit, which I make from my own personal knowledge.

2.      On or about July 31, 2006, I was contacted by a professional staff member employed by Larue Carter Hospital, who reported that Client 1 had expired.

3.      On or about August 30, 2006, I requested a copy of Client 1's complete chart held at Larue. This request was made by a letter to Jay Wenning, Director of Health Information Services at Larue. The letter stated that if IPAS did not receive a copy of the chart or there was

004

no response by September 11, 2006, IPAS would assume that Larue did not intend to comply with the request.  (See Attachment A)

    4.     On August 30, 2006, I reviewed Client 1's chart that was located at Larue.

    5.     On or about September 1, 2006, I was notified through an e-mail sent by Kathy Gregory, Deputy Chief Counsel of DMA and copied to me that Client 1 had parents who had been active in her case and had not signed a release of her medical record as next of kin.  I found no record that prior to her death Client 1 had a court appointed guardian, power of attorney, or health care representative.  (Attachment B)

    6.     On or about September 13, 2006, I sent a second letter to Jay Wenning requesting a copy of the Mortality Review Committee report and Root Cause Analysis report that resulted from the death of Client 1.  This letter stated that if IPAS did not receive the copies of the reports or there was no response by September 19, 2006, IPAS would assume that Larue did not intend to comply with the letter. (Attachment C)

    7.     On September 13, 2006, I again reviewed Client 1's chart that was located at Larue.

    8.     On or about September 14, 2006, I received an e-mail from Kathy Gregory that IPAS would not be given copies of the requested reports concerning Client 1's death. (Attachment B)

    9.     Client 2 requested services from IPAS and as part of the intake process, I received a "Request to Release Information" for any and all records at Larue signed by Client 2. (Attachment D)

    10.    On or about October 13, 2006, I requested by e-mail to Eric Heeter, Adult Services Division Director at Larue, a copy of the investigation and an incident report concerning

the incidents in question and Client 2's grievance that arose out of those incidents. I asked to be notified via e-mail by end of business day October 17, 2006. (Attachment E and F)

11.    On or about October 13, 2006, Mr. Heeter replied to me by e-mail explaining that he could not provide a copy of the incident report. (Attachment E)

12.    On or about October 18, 2006, I received a second e-mail sent by Eric Heeter which explained sequence of events and Larue's response to the incident in question. (Attachment F)

13.    Also on or about October 18, 2006, I received an e-mail from Lisa Kellum, Superintendent of Larue, stating that it was not appropriate to ask for a copy of the Incident Reports. (Attachment F)


I have read this Affidavit of thirteen (13) paragraphs. It is true and correct to the best of my knowledge.

Dated: _8/13/07_____    _Peggy Ann Owens_____
                          Peggy Ann Owens


## **AFFIRMATION**

I affirm, under the penalties for perjury, that the foregoing representations are true.


Dated: _8/13/07_____    _Peggy Ann Owens_____
                          Peggy Ann Owens

006

MITCHELL E. DANIELS, JR.
GOVERNOR

COMMISSION MEMBERS

KRISTIE M CARTER
CHAIRPERSON
MARION CO

VERONICA MACY
VICE CHAIRPERSON
HAMILTON CO

VICKI CONLIN
SECRETARY
CLARK CO

PATRICIA ANDERSEN
LAKE CO

SARAH E EMERSON
MARION CO

LISA FLOYD
MADISON CO

REBA J FREEMAN
MARION CO

GARY MAY
WARRICK CO

MELANIE MOTSINGER
ALLEN CO

KATHY OSBORN
MARION CO

WILLIAM RIGGS PhD
HANCOCK CO

ALAN SPAULDING
BLACKFORD CO

ADVISORY MEMBERS

ROBERT N JACKMAN DVM
SENATOR
DECATUR/FAYETTE/FRANKLIN/
RUSH/SHELBY COs

JOHN J DAY
REPRESENTATIVE
MARION CO

MENTAL ILLNESS
ADVISORY COUNCIL

RONDA AMES
MARION CO

MISTY HOLLIS
WAYNE CO

JANE HORN
WAYNE CO

PAMELA McCONEY
HAMILTON CO

CHARLES A PRESSLER PhD
ST JOSEPH CO

TERRY A WHITE
WARRICK CO

KIM WILLIAMS
MARION CO

ERIC WRIGHT PhD
MARION CO

DONNA YANCEY
HAMILTON CO

THOMAS GALLAGHER
EXECUTIVE DIRECTOR



IANA
PROTECTION
AND ADVOCACY
SERVICES

4701 N KEYSTONE AVE # 22₄
INDIANAPOLIS IN 46205
VOICE 317.722.5555
FAX 317.722.5564
TOLL FREE VOICE 800.622.4845
TOLL FREE TTY 800.838.1131
WWW.IN.GOV/IPAS

August 30, 2006

Larue D. Carter Memorial Hospital
2601 Cold Spring Rd
Indianapolis, IN 46222

Attention:  Jay Wenning

Dear Mr. Wenning,

Today I reviewed the chart of Ms Yvonne Jackie G___ whose date of birth is ___ I am requesting a copy of the complete chart.  Enclosed please find a copy of the Protection and Advocacy Access Certification form that was agreed upon by the Department of Mental Health and Addictions and Indiana Protection and Advocacy Services.

If I do not receive a copy of the complete chart, or a phone call expressing your intent to comply, by Monday September 11, 2006, I shall assume that you do not intend to comply with this request.

Sincerely,

Peggy Owens
Advocacy Specialist

Enclosure:   Copy of Protection and Advocacy Access Certification
Cc:          Deb Dial, IPAS staff attorney
             Kathy Gregory, Deputy Chief Counsel DMHA
             Client file

Attachment A

007

MITCHELL E. DANIELS, JR.
GOVERNOR

COMMISSION MEMBERS

KRISTIE M CARTER
CHAIRPERSON
MARION CO

VERONICA MACY
VICE CHAIRPERSON
HAMILTON CO

VICKI CONLIN
SECRETARY
CLARK CO

PATRICIA ANDERSEN
LAKE CO

SARAH E EMERSON
MARION CO

LISA FLOYD
MADISON CO

REBA J FREEMAN
MARION CO

GARY MAY
WARRICK CO

MELANIE MOTSINGER
ALLEN CO

KATHY OSBORN
MARION CO

WILLIAM RIGGS PhD
HANCOCK CO

ALAN SPAULDING
BLACKFORD CO

ADVISORY MEMBERS

ROBERT N JACKMAN DVM
SENATOR
DECATUR/FAYETTE/FRANKLIN/
RUSH/SHELBY COs

JOHN J DAY
REPRESENTATIVE
MARION CO

MENTAL ILLNESS
ADVISORY COUNCIL

RONDA AMES
MARION CO

MISTY HOLLIS
WAYNE CO

JANE HORN
WAYNE CO

PAMELA McCONEY
HAMILTON CO

CHARLES A PRESSLER PhD
ST JOSEPH CO

TERRY A WHITE
WARRICK CO

KIM WILLIAMS
MARION CO

ERIC WRIGHT PhD
MARION CO

DONNA YANCEY
HAMILTON CO

THOMAS GALLAGHER
EXECUTIVE DIRECTOR



INDIANA
PROTECTION
AND ADVOCACY
SERVICES

IPAS

4701 N KEYSTONE AVE # 222
INDIANAPOLIS IN 46205
VOICE 317.722.5555
FAX 317.722.5564
TOLL FREE VOICE 800.622.4845
TOLL FREE TTY 800.838.1131
WWW.IN.GOV/IPAS

## PROTECTION AND ADVOCACY ACCESS CERTIFICATION

Indiana Protection and Advocacy Services hereby requests access to the entire medical record of *Yvonne Jackie G* _____ , *DoB* _____ . Under the provisions of 42 United States Code sec. 15043 (Developmental Disabilities Assistance and Bill of Rights Act of 2000) or 42 United States Code sec. 10805 (Protection and Advocacy for Mentally Ill Individuals Act), patient or other authorization is not required in this case due to the following circumstances:

1. The patient is either an individual with a developmental disability or an individual with a mental illness, who, due to the patient's mental or physical condition, is unable to authorize Indiana Protection and Advocacy Services to have access to the patient's record:

2. Staff of the facility have informed Indiana Protection and Advocacy Services that this patient does not have a legal representative; and

3. Indiana Protection and Advocacy Services has received a complaint with regard to the status or treatment of the patient; or as a result of monitoring or other activities, Indiana Protection and Advocacy Services has probable cause to believe that this patient has been subject to abuse or neglect.

_____
Indiana Protection and Advocacy Services

_____9/13/06_____
Date

008

## Owens, Peggy

| | |
|---|---|
| **From:** | Gregory, Kathy G |
| **Sent:** | Thursday, September 14, 2006 2:39 PM |
| **To:** | Owens, Peggy |
| **Cc:** | Gray, Milo; Dial, Deb; Wenning, Jay J |
| **Subject:** | FW: Peggy Owens' letter of 8/30 |

Peggy, as you can see below, I had been attempting to communicate with Deb and Milo about the issues with obtaining family consent to release of medical records of a deceased mentally ill (as opposed to developmentally disabled) individual, in order to permit copying of the medical record. I have not heard back from them so don't know whether they agree or disagree with my interpretation of the PAMII Act. Your latest request (Sept. 13) for the mortality review and root cause adds an additional issue to the HIPAA issue, and that is IPAS access to peer review documents. Some months ago the AG's office drafted an MOU for signature by FSSA and IPAS, which would have granted IPAS access to peer review documentation, assuming no HIPAA problems, but with certain protections, most notably that IPAS couldn't re-disclose to third parties the peer review documents. However, IPAS sent a proposed amendment of these terms, such that disclosure to their own clients would not be prohibited. We believe that amendment completely defeats the protections we were seeking, because everyone knows that client access can easily result in their turning around and re-disclosing the peer review information to their personal injury attorney. So with an impasse having been reached as to the MOU, we have no protections in place regarding the disclosure to you of the peer review materials you have requested, even if the HIPAA issue in this particular case was resolved. This might be a good time to re-open discussion around the MOU so we can resolve this issue once and for all. My recollection was that except for that single issue, we were in agreement. Have you decided whether you will be  approaching the family for consent to release of their daughter's records to IPAS? That, coupled with execution of the MOU, will give us ample protection to allow copying of all documents which you have requested.

-----Original Message-----
| | |
|---|---|
| **From:** | Gregory, Kathy G |
| **Sent:** | Wednesday, September 06, 2006 11:18 AM |
| **To:** | Gray, Milo |
| **Cc:** | Dial, Deb |
| **Subject:** | FW: Peggy Owens' letter of 8/30 |

As promised, I checked into the possibility of our obtaining the family's consent to IPAS's receipt of a copy of their daughter's record and learned that our social worker spent many hours calming down the family and steering them away from litigation. Therefore, we believe our going to them to request their consent will suggest to them that a state agency has found a smoking gun, which we do not believe exists, but will prevent the family from retaining the closure that they appear to have gained. I have not been communicating directly with Peggy as I did not want to usurp Deb's and your authority over your staff regarding legal matters.

-----Original Message-----
| | |
|---|---|
| **From:** | Gregory, Kathy G |
| **Sent:** | Friday, September 01, 2006 4:54 PM |
| **To:** | Gray, Milo |
| **Subject:** | FW: Peggy Owens' letter of 8/30 |

 Milo, since Deb appears to be out until the 11th, perhaps you would want to weigh in on this issue of Peggy's getting a copy of the record of a deceased mentally ill patient without family consent. I believe she has already read the record. Peggy gave Carter a deadline of 9/11 to respond to her request.

-----Original Message-----
| | |
|---|---|
| **From:** | Gregory, Kathy G |
| **Sent:** | Friday, September 01, 2006 4:46 PM |
| **To:** | Dial, Deb |
| **Cc:** | Wenning, Jay J |
| **Subject:** | Peggy Owens' letter of 8/30 |

Deb, you are cc'd on Peggy's letter to Carter requesting a copy of the complete mental health record of Yvonne Jackie G. The approved access form that Peggy has signed includes the statement that "2. Staff of the facility have informed Indiana Protection and Advocacy Services that this patient does not have a legal representative." If Peggy has read the record, which I understand she has, then she is aware that the deceased individual had parents who have been active in the case. Under IC 16-39-2-10 a responsible family member is the deceased patient's legal representative for purposes of consenting to access to the mental health record. Furthermore, under HIPAA at 45 CFR 164.502(g)(4), a person who

1

Attachment  B

009

under state law has the authority to act on behalf of a decedent is a "personal representative" and hence a legal representative of the patient. The way I interpret the PAMII Act, in the case of a mentally ill person who has a legal representative, that representative has to be contacted and either fail or refuse to consent to IPAS's involvement in the case AND IPAS has to have either received a complaint or have probable cause to believe the patient is in serious and immediate jeopardy. Since a deceased patient cannot be in jeopardy and since we are aware of no complaint that has been received by IPAS (please correct me if I am mistaken), then IPAS lacks access to the record unless the legal representative consents. I am going to investigate the possibility of obtaining the parents' authorization of IPAS's receipt of a copy of their daughter's record but I don't know how long this will take and wanted you to understand my thinking about this letter. Please share with me any differing interpretations of these statutes/regs which you may have.

010

MITCHELL E. DANIELS, JR.
GOVERNOR

COMMISSION MEMBERS

KRISTIE M CARTER
CHAIRPERSON
MARION CO

VERONICA MACY
VICE CHAIRPERSON
HAMILTON CO

VICKI CONLIN
SECRETARY
CLARK CO

PATRICIA ANDERSEN
LAKE CO

SARAH E EMERSON
MARION CO

LISA FLOYD
MADISON CO

REBA J FREEMAN
MARION CO

GARY MAY
WARRICK CO

MELANIE MOTSINGER
ALLEN CO

KATHY OSBORN
MARION CO

WILLIAM RIGGS PhD
HANCOCK CO

ALAN SPAULDING
BLACKFORD CO

ADVISORY MEMBERS

ROBERT N JACKMAN DVM
SENATOR
DECATUR/FAYETTE/FRANKLIN/
RUSH/SHELBY COs

JOHN J DAY
REPRESENTATIVE
MARION CO

MENTAL ILLNESS
ADVISORY COUNCIL

RONDA AMES
MARION CO

MISTY HOLLIS
WAYNE CO

JANE HORN
WAYNE CO

PAMELA McCONEY
HAMILTON CO

CHARLES A PRESSLER PhD
ST JOSEPH CO

TERRY A WHITE
WARRICK CO

KIM WILLIAMS
MARION CO

ERIC WRIGHT PhD
MARION CO

DONNA YANCEY
HAMILTON CO

THOMAS GALLAGHER
EXECUTIVE DIRECTOR



INDIANA
PROTECTION
AND ADVOCACY
SERVICES

4701 N KEYSTONE AVE # 222
INDIANAPOLIS IN 46205
VOICE 317.722.5555
FAX 317.722.5564
TOLL FREE VOICE 800.622.4845
TOLL FREE TTY 800.838.1131
WWW.IN.GOV/IPAS

September 13, 2006

Larue D. Carter Memorial Hospital
2601 Cold Spring Rd
Indianapolis, IN 46222

Attention:  Jay Wenning

Dear Mr. Wenning,

Today I reviewed the chart of Ms Yvonne Jackie G    , for the second time,
whose date of birth is            .  I am requesting a copy of the Mortality
Review Committee report and the Root Cause Analysis report.  Enclosed
please find a copy of the Protection and Advocacy Access Certification form
that was agreed upon by the Department of Mental Health and Addictions and
Indiana Protection and Advocacy Services.

If I do not receive the above requested copies, or a phone call expressing your
intent to comply, by Tuesday September 19, 2006, I shall assume that you do
not intend to comply with this request.

Sincerely,

Peggy Owens
Advocacy Specialist

Enclosure:    Copy of Protection and Advocacy Access Certification
Cc:              Deb Dial, IPAS staff attorney
                   Kathy Gregory, Deputy Chief Counsel DMHA
                   Client file

Attachment  C

**REQUEST TO RELEASE INFORMATION**
State Form 40223 (R2 / 12-97)

INDI
PROTECTION AND ADVOCACY SERVICES

I hereby request that:   Larue D. Carter Memorial Hospital

who is the person or organization in custody of information, release the following information:
any and all records

pertaining to:   James F ___

date of birth of individual:   8/4/1955

address: 2601 Cold Spring Rd, Indianapolis, IN 46222

to:   Peggy Owens or other Representative of Indiana Protection & Advocacy Services,

at:   4701 N. Keystone Ave., Suite 222, Indianapolis, IN 46205

for the purpose(s) of:
Advocacy

with the understanding that this information will not be used or disclosed for purposes not specified above.

James F                                                          9-11-06

(Signature of individual about whom information pertains or
his/her guardian)                                        (Date)

Printed Name of Signatory: _____

Relationship of Signatory to Individual about whom Information pertains:_____

Address of Signatory:

_____

**The patient's consent to release of mental health records is subject to revocation at any time, except to the extent that action has been taken in reliance on the patient's consent.**

This consent will expire one hundred and eighty days (180) from the date of signature, unless consent is revoked prior to that date.

Attachment D

012

## Owens, Peggy

| | |
|---|---|
| **From:** | Owens, Peggy |
| **Sent:** | Friday, October 13, 2006 11:00 AM |
| **To:** | Heeter, Eric D |
| **Cc:** | Owens, Peggy |

**Subject:** RE:

Thank you.  Sorry for forgetting to fill in the "subject" field.  I sometimes get in a hurry……….

Peggy Owens
Advocacy Specialist
Indiana Protection and Advocacy Services
4701 N. Keystone Ave. Suite 222
Indianapolis, IN 46205
e-mail:  powens@ipas.in.gov
local voice:  317.722.5555 ext 233
Toll free voice:  1.800.622.4845 ext 233
Local Fax:  317.722.5564
Local TTY:  317.722.5563
Toll Free TTY:  1.800.838.1131
Website:  www.IN.gov/ipas

**CONFIDENTIALITY NOTICE:**

**This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you.**

-----Original Message-----
**From:** Heeter, Eric D
**Sent:** Friday, October 13, 2006 10:57 AM
**To:** Owens, Peggy
**Subject:** RE:

Peggy,

As I initially thought, I cannot provide a copy of the incident report per organization policy. I was told to summarize for you the information recorded, I am happy to do that. Also, I will summarize the treatment teams plans for addressing Mr. F's level change request in the pending patient care monitoring to be arranged by Mr. F's doctor. As I am out of the office on Monday 10-13-06, I will work on getting you the information today or at the latest on Wednesday 10-18-06.

Thanks

Eric Heeter, Sr., MSW, MBA
Adult Services Division Director
Larue D. Carter Memorial Hospital
(317) 941-4025

-----Original Message-----
**From:** Owens, Peggy
**Sent:** Friday, October 13, 2006 10:42 AM
**To:** Heeter, Eric D
**Cc:** Owens, Peggy
**Subject:**

This is a follow-up to our conversation this morning.  I would like a copy of the investigation that you conducted in response to James F's consumer grievance.  In addition, I would like a copy of the incident report regarding James' elopement on 8/26/06.

If you are unable to do this, please notify me via e-mail by the end of business on Tuesday 10/17/06.

Thanks

Peggy Owens
Advocacy Specialist
Indiana Protection and Advocacy Services
4701 N. Keystone Ave. Suite 222
Indianapolis, IN 46205
e-mail:  powens@ipas.in.gov
local voice:  317.722.5555 ext 233
Toll free voice:  1.800.622.4845 ext 233
Local Fax:  317.722.5564
Local TTY:  317.722.5563
Toll Free TTY:  1.800.838.1131
Website:  www.IN.gov/ipas


**CONFIDENTIALITY NOTICE:**

**This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you.**

## Owens, Peggy

**From:** Kellum, Lisa K
**Sent:** Wednesday, October 18, 2006 1:07 PM
**To:** Owens, Peggy
**Cc:** Lines, Timothy A; Heeter, Eric D
**Subject:** RE:

Peggy,
I see that Eric Heeter has responded to your request for information regarding James Fs concerns.  The response appears to be quite appropriate.  However, it is not appropriate at any time to ask for a copy of Incident Reports. Those are internal documents only and are never to be copied or distributed.  If you have any questions, please contact me directly.  Thank you.

Lisa

*Lisa K. Kellum MSW, LCSW, MBA*
Superintendent
Larue D. Carter Memorial Hospital
2601 Cold Spring Road
Indianapolis, IN 46222-2202

Office (317) 941-4416
Pager (888) 502-8363

-----Original Message-----
**From:** Heeter, Eric D
**Sent:** Wednesday, October 18, 2006 10:45 AM
**To:** Owens, Peggy
**Cc:** Kellum, Lisa K; Lines, Timothy A
**Subject:** RE:

Peggy,

Below please find the requested information regarding Mr. James F

Investigation results regarding Mr. F and the response to his grievance have been summarized. Mr. F's chief complaint is that on 8/26/06, at around 4:30PM, three Larue Carter (LC) employees and two police officers battered, assaulted and attempted to murder him. On the date referenced, Mr. F left hospital grounds without approved leave and was subsequently followed down Coldsprings Road by a LC security officer and two attendant staff. His destination was monitored while staff were aware that the state police was in route to apprehend Mr. F. When a state trooper arrived on the scene and attempted to apprehend Mr. F, he objected/resisted. The trooper requested the assistance of the LC personnel, they assisted, and Mr. F was returned by the trooper to the hospital. The cooperation with the trooper's request for assistance is not deemed a violation of organization policy which prohibits employees from apprehending patients off hospital grounds.

Mr. F is requesting a restoration of his level 3 pass privileges.  Due to the concern that he will again leave hospital grounds unauthorized, a patient care monitoring review has been scheduled (today) to determine the best pass status for Mr. F given his current choices regarding medication compliance. He currently has chosen to take only his scheduled  injections (every two weeks). He has chose not to take any prescribed

oral medications. He also has chosen not to participate is scheduled treatment programming.

At this point, it is believed that Mr. F may leave hospital grounds again without proper leave, if provided the opportunity. It is also believed that he has not achieved maximum benefit from available medications, due to his decision to limit the regimen he takes. It is a concern that Mr. F will not make safe choices off hospital grounds. I will share with you the clinical recommendation of the team after this case is reviewed in the patient care monitoring.

Thank You,


Eric Heeter, Sr., MSW, MBA
Adult Services Division Director
Larue D. Carter Memorial Hospital
(317) 941-4025

        -----Original Message-----
        **From:** Owens, Peggy
        **Sent:** Friday, October 13, 2006 10:42 AM
        **To:** Heeter, Eric D
        **Cc:** Owens, Peggy
        **Subject:**

        This is a follow-up to our conversation this morning.  I would like a copy of the investigation that you conducted in response to James F's consumer grievance.  In addition, I would like a copy of the incident report regarding James' elopement on 8/26/06.

        If you are unable to do this, please notify me via e-mail by the end of business on Tuesday 10/17/06.

        Thanks

        Peggy Owens
        Advocacy Specialist
        Indiana Protection and Advocacy Services
        4701 N. Keystone Ave. Suite 222
        Indianapolis, IN 46205
        e-mail:  powens@ipas.in.gov
        local voice:  317.722.5555 ext 233
        Toll free voice:  1.800.622.4845 ext 233
        Local Fax:  317.722.5564
        Local TTY:  317.722.5563
        Toll Free TTY: 1.800.838.1131
        Website:  www.IN.gov/ipas


**CONFIDENTIALITY NOTICE:**

**This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you.**

016

Message

1

017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES, )<br><br>Plaintiff )<br>v. )<br><br><br>INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, MITCH ROOB, in his official capacity as Secretary of the Family and Social Services Administration; CATHY BOGGS, in her official capacity as Director of the Division of Mental Health and Addiction; LISA K. KELLUM, in her official capacity as Superintendent of Larue Memorial Hospital, )<br><br>Defendants ) | CIVIL ACTION<br>NO. 1:06-cv-1816-JDT-TAB |

## **AFFIDAVIT**

Comes now, David Owen Boes, under the penalties for perjury, attests as follows:

1.      I am an Assistant Director of Client Services with Indiana Protection and Advocacy Services ("IPAS"). I am over eighteen (18) years of age and I am competent to make this affidavit, which I make from my own personal knowledge.

2.      I am also the Program Coordinator for the Protection and Advocacy for Individuals with Mental Illness program which is a federal program administered by IPAS.

3.      As a Program Coordinator I am responsible for completing and submitting a yearly "Request for Applications" to the Department of Health and Human Services, Substance Abuse and Mental Health Services Administration, Center for Mental Health Services

018

("SAMHSA"), the federal funding and oversight agency for the PAIMI program. This is required in order for IPAS to continue to receive the PAIMI federal funding.

4.     I received the attached document from SAMHSA as part of my duties as the PAIMI Program Coordinator. Nothing has been added or deleted from this document. The attached document is an exact copy of the original document received from SAMHSA.

I have read this Affidavit of four paragraphs. It is true and correct to the best of my knowledge.

Dated: 8-9-2007

David Owen Boes

## AFFIRMATION

I affirm, under the penalties for perjury, that the foregoing representations are true.

Dated: 8-9-2007

David Owen Boes

019